## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **FEDERAL DEPOSIT INSURANCE** | ) |
| **CORPORATION,** | ) |
| Office of General Counsel | ) |
| 400 7TH Street, SW | ) |
| Washington, D.C. 20219 | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1.      Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this suit to force Defendant FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC") to produce records regarding the failure of Silicon Valley Bank, Signature Bank, and First Republic Bank, as well as other records pertaining to supervision of financial institutions.

## PARTIES

2.      Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

3.      Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio,

streaming video, print, and live events.  BLOOMBERG L.P. is one of the FOIA requesters in this case.

4.      Defendant FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 13, 2023 FOIA REQUEST TO FDIC

7.      On March 13, 2023, Plaintiffs submitted the following FOIA request to FDIC for various records referencing the failure of Silicon Valley Bank and Signature Bank and the supervision of financial institutions:

1. All text messages, emails memos, letters, reports, sent and received between Thursday March 9, 2023 and Monday March, 13, 2023 referencing Silicon Valley Bank and Signature Bank. In addition, please use the following keywords as well: Dodd-Frank, auction and bailout. Please search the following offices for responsive records from custodians GS-15 and above: Board of Directors, Division of Finance, Deputy to the Chairman and Chief Financial Officer, Division of Complex Institution Supervision and Resolution, Division of Depositor and Consumer Protection, Division of Resolutions and Receivership, Division of Risk Management Supervision, Legal Division, Office of Legislative Affairs;

2. A copy of the agenda, meeting notes and summaries relating to the Chairman's February 26, 2019 and March 10, 2021 with Greg Becker, CEO, Michael Zucker, General Counsel, Silicon Valley Bank;

3. All letters sent and received by FDIC Office of Legislative Affairs referencing Silicon Valley Bank and Signature Bank and all responses sent to those letters, if any exist, as well as any questions for the record referencing the two banks;

4. Talking points referencing Silicon Valley Bank and Signature Bank and records relating to the drafting of any press release between March 9, 2023 and March 13, 2023 relating to Signature Bank and Silicon Valley Bank. Please search the Office of Communications for responsive records;

5. Records such as emails, text messages, memos, letters, directives, reports, exchanged with California state financial regulators referencing Silicon Valley Bank.

8.      On March 16, 2023, FDIC acknowledged receipt of the FOIA request and assigned reference number 2023-FDIC-FOIA-00303 to the matter.

9.      A true and correct copy of FDIC's acknowledgement letter, quoting the request, is included in Exhibit 1.

10.      On March 29, 2023, FDIC requested an extension of 10 additional days to issue a determination, citing "unusual circumstances."

11.      A true and correct copy of FDIC's extension letter is included in Exhibit 1.

12.      On May 11, 2023, FDIC stated it found no records responsive to Item Two of the request and produced records responsive to Item Three in a first response letter.  FDIC also stated it would continue processing the remainder of the request "with all due diligence."

13.      A true and correct copy of FDIC's first response letter is included in Exhibit 1.

14.      On May 12, 2023, in response to Plaintiffs' request for a status update, FDIC stated that the Plaintiffs' outstanding FOIA requests were "in various places in the processing."

15.      A true and correct copy of the correspondence is attached as Exhibit 2.

16.      As of the date of this filing, FDIC has not sent any further correspondence to Plaintiffs regarding this request.

17.      As of the date of this filing, FDIC has not issued a determination and has not produced any records with regards to Items One, Four, and Five of this request.

**MARCH 20, 2023 FOIA REQUEST TO FDIC**

18.      On March 20, 2023, Plaintiffs submitted the following FOIA request to FDIC for various records referencing the failure of Silicon Valley Bank and Signature Bank and the supervision of financial institutions:

- 3 -

1. All records, such as emails, text messages, memos, letters, reports, minutes, legal guidance referencing the drafting of a joint-statement and news release related to the announcement of the government rescue of Silicon Valley Bank and Signature Bank and statements related to Credit Suisse and First Republic banks. Please be sure the search for responsive records includes records received from the eop.gov domain and sent to the eop.gov domain as well as any records exchanged with the Department of the Treasury and the Federal Reserve Board of Governors;

2. All records, such as emails, text messages, memos, letters, reports, minutes, that mentions or refers to regulation, financial regulation and/or regulatory failures related to the drafting of public statements about the government rescue of Silicon Valley Bank and Signature Bank and public statements about Credit Suisse and First Republic banks. Please be sure the search for records includes a search of any correspondence from the Federal Reserve Chairman as well as any records received from and sent to the eop.gov domain and the Department of the Treasury and Federal Reserve Board of Governors;

3. Any and all internal directives, emails, legal guidance, memos, letters, reports referencing any review into the failure of Silicon Valley Bank and Signature Bank that was ordered by the Federal Reserve.

19.    A true and correct copy of the request is included in Exhibit 3.

20.    On March 21, 2023, FDIC acknowledged receipt of the FOIA request and assigned reference number 2023-FDIC-FOIA-00356 to the matter.

21.    A true and correct copy of FDIC's acknowledgement letter is included in Exhibit 3.

22.    On April 14, 2023, FDIC requested an extension of 10 additional days to issue a determination, citing "unusual circumstances."

23.    A true and correct copy of FDIC's extension letter is included in Exhibit 3.

24.    On May 12, 2023, in response to Plaintiffs' request for a status update, FDIC stated that the Plaintiffs' outstanding FOIA requests were "in various places in the processing."  Exhibit 2.

*25.*    As of the date of this filing, FDIC has not sent any further correspondence to Plaintiffs regarding this request.

26.     As of the date of this filing, FDIC has not issued a determination and has not produced any records in response to this request.

## MARCH 22, 2023 FOIA REQUEST TO FDIC

27.     On March 22, 2023, Plaintiffs submitted the following FOIA request to FDIC for various records referencing loans from Silicon Valley Bank prior to its failure and collapse, in accordance with § 215.9 "Disclosure of Credit from Member Banks to Executive Officers and Principal Shareholders:"

[1.] The identities of officers, directors, principal shareholders, executives and other insiders who received loans from Silicon Valley Bank for calendar year 2022;

[2.] Data documenting the dollar figure for each loan the bank approved for officers, directors, principal shareholders, executives and other insiders.

28.     A true and correct copy of the original request is included in Exhibit 4.

29.     On March 22, 2023, FDIC acknowledged receipt of the FOIA request and assigned reference number 2023-FDIC-FOIA-00367 to the matter.

30.     A true and correct copy of FDIC's acknowledgement letter is included in Exhibit 4.

31.     On April 14, 2023, FDIC requested an extension of 10 additional days to issue a determination, citing "unusual circumstances."

32.     A true and correct copy of FDIC's extension letter is included in Exhibit 4.

33.     On May 12, 2023, in response to Plaintiffs' request for a status update, FDIC stated that the Plaintiffs' outstanding FOIA requests were "in various places in the processing."  Exhibit 2.

34.     As of the date of this filing, FDIC has not sent any further correspondence to Plaintiffs regarding this request.

35.     As of the date of this filing, FDIC has not issued a determination and has not produced any records in response to this request.

### MARCH 28, 2023 FOIA REQUEST TO FDIC

36.     On March 28, 2023, Plaintiffs submitted the following FOIA request to FDIC for various records referencing the failure of Silicon Valley Bank and the supervision of financial institutions:

> All written communications, meeting notes, voting records of the board and board members of Silicon Valley Bank since January 1, 2022, regarding extensions of credit to insiders as determined by Regulation O. This should cover any written policies and actions meant to comply with prohibitions spelled out in § 215.4 "General prohibitions."

37.     A true and correct copy of the original request is included in Exhibit 5.

38.     On March 29, 2023, FDIC acknowledged receipt of the FOIA request and assigned reference number 2023-FDIC-FOIA-00386 to the matter.

39.     A true and correct copy of FDIC's acknowledgement letter is included in Exhibit 5.

40.     On March 30, 2023, FDIC sent an interim response letter granting Plaintiffs' request for expedited processing and a fee waiver.

41.     A copy of the FDIC's interim response letter is included in Exhibit 5.

42.     On April 20, 2023, FDIC requested an extension of 10 additional days to issue a determination, citing "unusual circumstances."

43.     A true and correct copy of FDIC's extension letter is included in Exhibit 5.

44.     On May 12, 2023, in response to Plaintiffs' request for a status update, FDIC stated that the Plaintiffs' outstanding FOIA requests were "in various places in the processing."  Exhibit 2.

45.     As of the date of this filing, FDIC has not sent any further correspondence to Plaintiffs regarding this request.

46.     As of the date of this filing, FDIC has not issued a determination and has not produced any records in response to this request.

**APRIL 20, 2023 FOIA REQUEST TO FDIC**

47.     On April 20, 2023, Plaintiffs submitted the following FOIA request to FDIC for various records referencing the supervision of financial institutions:

> All Receivership Basic Ordering Agreements, known as RBOAs. The timeframe for this search is January 1, 2021 through the date the search for responsive records is conducted.

48.     A true and correct copy of the original request is included in Exhibit 6.

49.     On April 20, 2023, FDIC acknowledged receipt of the FOIA request and assigned reference number 2023-FDIC-FOIA-00446 to the matter.

50.     A true and correct copy of FDIC's acknowledgement letter is included in Exhibit 6.

51.     On May 12, 2023, in response to Plaintiffs' request for a status update, FDIC stated that the Plaintiffs' outstanding FOIA requests were "in various places in the processing."   Exhibit 2.

52.     On May 15, 2023, FDIC requested an extension of 10 additional days to issue a determination, citing "unusual circumstances."

53.     A true and correct copy of FDIC's extension letter is included in Exhibit 6.

54.     As of the date of this filing, FDIC has not sent any further correspondence to Plaintiffs regarding this request.

55.     As of the date of this filing, FDIC has not issued a determination and has not produced any records in response to this request.

## MAY 2, 2023 FOIA REQUEST TO FDIC

56.     On May 2, 2023, Plaintiffs submitted the following FOIA request to FDIC for various records referencing the failure of First Republic Bank and the supervision of financial institutions:

> 1. All records, such as emails, text messages, talking points, memos, letters, reports, minutes, legal guidance, directives, referencing the announcement that the FDIC had seized First Republic Bank and sold a percentage of the bank to JP Morgan. Please be sure the search for responsive records in this part includes records received from the eop.gov domain and sent to the eop.gov domain as well as any records exchanged with JP Morgan officials and its CEO Jamie Dimon, the Department of the Treasury and the Federal Reserve Board of Governors, the Department of Justice and other federal and state agencies such as the California Department of Financial Protection;

> 2. Any and all internal directives, emails, legal guidance, memos, letters, reports referencing any review into the failure of First Republic Bank;

> 3. In accordance with § 215.9 "Disclosure of credit from member banks to executive officers and principal shareholders," I am formally requesting the following data and records: the identities of officers, directors, principal shareholders, executives and other insiders who received loans from First Republic Bank for calendar year 2022 and 2023 thus far; data documenting the dollar figure for each loan the bank approved for officers, directors, principal shareholders, executives and other insiders. Please note: This data would normally be made available for public disclosure by the financial institution in response to a written request from the public. However, because the FDIC seized First Republic Bank disclosure of this information falls under the purview of the agency and should immediately be made available to me. As § 215.9 further states: "(b) Public disclosure. (1) Upon receipt of a written request from the public, a member bank shall make available the names of each of its executive officers and each of its principal shareholders to whom, or to whose related interests, the member bank had outstanding as of the end of the latest previous quarter of the year, an extension of credit that, when aggregated with all other outstanding extensions of credit at such time from the member bank to such person and to all related interests of such person, equaled or exceeded 5 percent of the member bank's capital and unimpaired surplus or $500,000, whichever amount is less. No disclosure under this paragraph is required if the aggregate amount of all extensions of credit outstanding at such time from the member bank to the executive officer or principal shareholder of the member bank and to all related interests of such a person does not exceed $25,000.

57.     A true and correct copy of the original request is included in Exhibit 7.

58.     On May 3, 2023, FDIC acknowledged receipt of the FOIA request and assigned reference number 2023-FDIC-FOIA-00475 to the matter.

59.     A true and correct copy of FDIC's acknowledgement letter is included in Exhibit 7.

60.     On May 5, 2023, FDIC sent an interim response letter granting Plaintiffs' request for expedited processing and a fee waiver.

61.     A true and correct copy of the interim response letter is included in Exhibit 7.

62.     On May 12, 2023, in response to Plaintiffs' request for a status update, FDIC stated that the Plaintiffs' outstanding FOIA requests were "in various places in the processing."  Exhibit 2.

63.     On May 31, 2023, FDIC requested an extension of 10 additional days to issue a determination, citing "unusual circumstances."

64.     A true and correct copy of FDIC's extension letter is included in Exhibit 7.

65.     As of the date of this filing, FDIC has not sent any further correspondence to Plaintiffs regarding this request.

66.     As of the date of this filing, FDIC has not issued a determination and has not produced any records in response to this request.

**MAY 8, 2023 FOIA REQUEST TO FDIC**

67.     On May 8, 2023, Plaintiffs submitted the following FOIA request to FDIC for various records referencing the failure of First Republic Bank and the supervision of financial institutions:

1. All the bank-examination records referencing First Republic Bank;
2. Correspondence/records on the "exit meetings" for the examination report, as well as off-site and on-site reviews referencing First Republic Bank;
3. Camels ratings referencing First Republic Bank;
4. Financials (balance sheet/income statement) relating to First Republic Bank;
5. Bank policies/procedures related to First Republic Bank;

6. Bank Board minutes related to First Republic Bank;
7. Bank's reports on problem loans, audits referencing First Republic Bank.

68.     A true and correct copy of the original request is included in Exhibit 8.

69.     On May 9, 2023, FDIC acknowledged receipt of the FOIA request and assigned reference number 2023-FDIC-FOIA-00498 to the matter.

70.     A true and correct copy of FDIC's acknowledgement letter is included in Exhibit 8.

71.     On May 12, 2023, FDIC sent an interim response letter granting Plaintiffs' request for expedited processing and a fee waiver.

72.     A true and correct copy of the interim response letter is included in Exhibit 8.

73.     On May 12, 2023, in response to Plaintiffs' request for a status update, FDIC stated that the Plaintiffs' outstanding FOIA requests were "in various places in the processing."  Exhibit 2.

74.     As of the date of this filing, FDIC has not sent any further correspondence to Plaintiffs regarding this request.

75.     As of the date of this filing, FDIC has not issued a determination and has not produced any records in response to this request.

**COUNT I – MARCH 13, 2023 FOIA REQUEST**
**FDIC'S FOIA VIOLATION**

76.     The above paragraphs are incorporated by reference.

77.     Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

78.     Defendant FDIC is a federal agency subject to FOIA.

79.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

80.     Defendant FDIC has failed to conduct a reasonable search for records responsive to the request.

81.     Defendant FDIC has failed to issue a complete determination within the statutory deadline.

82.     Defendant FDIC has failed to produce all non-exempt records responsive to the request.

## COUNT II – MARCH 20, 2023 FOIA REQUEST
## FDIC'S FOIA VIOLATION

83.     The above paragraphs are incorporated by reference.

84.     Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

85.     Defendant FDIC is a federal agency subject to FOIA.

86.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

87.     Defendant FDIC has failed to conduct a reasonable search for records responsive to the request.

88.     Defendant FDIC has failed to issue a complete determination within the statutory deadline.

89.     Defendant FDIC has failed to produce all non-exempt records responsive to the request.

## COUNT III – MARCH 22, 2023 FOIA REQUEST
## FDIC'S FOIA VIOLATION

90.     The above paragraphs are incorporated by reference.

91.     Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

92.    Defendant FDIC is a federal agency subject to FOIA.

93.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

94.    Defendant FDIC has failed to conduct a reasonable search for records responsive to the request.

95.    Defendant FDIC has failed to issue a complete determination within the statutory deadline.

96.    Defendant FDIC has failed to produce all non-exempt records responsive to the request.

## COUNT IV – MARCH 28, 2023 FOIA REQUEST
### FDIC'S FOIA VIOLATION

97.    The above paragraphs are incorporated by reference.

98.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

99.    Defendant FDIC is a federal agency subject to FOIA.

100.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

101.    Defendant FDIC has failed to conduct a reasonable search for records responsive to the request.

102.    Defendant FDIC has failed to issue a complete determination within the statutory deadline.

103.   Defendant FDIC has failed to produce all non-exempt records responsive to the request

## COUNT V – APRIL 20, 2023 FOIA REQUEST
## FDIC'S FOIA VIOLATION

104.   The above paragraphs are incorporated by reference.

105.   Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

106.   Defendant FDIC is a federal agency subject to FOIA.

107.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

108.   Defendant FDIC has failed to conduct a reasonable search for records responsive to the request.

109.   Defendant FDIC has failed to issue a complete determination within the statutory deadline.

110.   Defendant FDIC has failed to produce all non-exempt records responsive to the request.

## COUNT VI – MAY 2, 2023 FOIA REQUEST
## FDIC'S FOIA VIOLATION

111.   The above paragraphs are incorporated by reference.

112.   Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

113.   Defendant FDIC is a federal agency subject to FOIA.

114.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

115.   Defendant FDIC has failed to conduct a reasonable search for records responsive to the request.

116.   Defendant FDIC has failed to issue a complete determination within the statutory deadline.

117.   Defendant FDIC has failed to produce all non-exempt records responsive to the request

## COUNT VII – MAY 8, 2023 FOIA REQUEST
## FDIC'S FOIA VIOLATION

118.   The above paragraphs are incorporated by reference.

119.   Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

120.   Defendant FDIC is a federal agency subject to FOIA.

121.   Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

122.   Defendant FDIC has failed to conduct a reasonable search for records responsive to the request.

123.   Defendant FDIC has failed to issue a complete determination within the statutory deadline.

124.   Defendant FDIC has failed to produce all non-exempt records responsive to the request

**WHEREFORE**, Plaintiffs asks the Court to:

i.      declare that Defendant has violated FOIA;

ii.     order Defendant to conduct a reasonable search for records and to produce the requested records;

iii.    enjoin Defendant from withholding non-exempt public records under FOIA;

iv.     award Plaintiffs attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: July 10, 2023

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
JASON LEOPOLD,
BLOOMBERG L.P.

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com